*77 CANADY, J.,
dissenting.
Because I conclude that the Sixth Amendment as explained by the Supreme Court’s decision in Hurst v. Florida, — U.S. -, 136 S.Ct. 616, 193 L.Ed.2d 504 (2016), simply requires that an aggravating circumstance be found by the jury, I disagree with the majority’s expansive understanding of Hurst v. Florida.[29] And because I conclude- that the absence of a finding of an aggravator by the jury that tried Hurst was harmless beyond a reasonable doubt and agree with the majority’s rejection of Hurst’s claim that he- is entitled to be sentenced to life, I would affirm the sentence of death.
The majority concludes that the Supreme Court decided in Hurst v. Florida that the Sixth Amendment requires jury sentencing in death cases so that no death sentence can be imposed unless a unanimous jury decides that death should be the penalty. But this conclusion cannot be reconciled with the reasoning of the Court’s opinion in Hurst v. Florida or with the underlying framework established by the Court in Apprendi v. New Jersey, 530 U.S. 466, 120. S.Ct. 2348, 147 L.Ed.2d 435 (2000), and Ring v. Arizona, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002). The majority’s reading of Hurst v. Florida wrenches the Court’s reference to “each fact necessary to impose a sentence of death,” 136 S.Ct. at 619, out of context, ignoring how the Court has used the term “facts” in its Sixth Amendment jurisprudence, and failing to account for the Hurst v. Florida Court’s repeated identifícátion of Florida’s failure to require a jury finding of an aggravator as the flaw that renders Florida’s death penalty law unconstitutional.
Contrary to the majority’s view, “each fact necessary to impose a sentence of death” that must be found by a jury is not equivalent to each determination necessary to impose a death sentence. The case law makes clear beyond any doubt that when the Court refers to “facts” in this context it denotes “elements” or their functional equivalent. And the case law also makes clear beyond any doubt that in the process for imposing a sentence of death, once the jury has found the element of an aggravator, no additional “facts” need be proved by the government to the jury. After an aggravator has been found, all the determinations necessary for the imposition of a death sentence fall outside the category of such “facts.”
This understanding of the use of the phrase “each fact necessary to impose a sentence of death” in Hurst v. Florida is consistent with Hurst v. Florida’s repeated statements that the failure to require that a jury find an aggravator is the feature of Florida’s death penalty law that renders it unconstitutional under the requirements of the Sixth Amendment' as explained in Apprendi and Ring. Most saliently, Hurst v. Florida overrules Spaziano v. Florida, 468 U.S. 447, 104 S.Ct. 3154, 82 L.Ed.2d 340 (1984)—which held that jury sentencing is not required by the Constitution in death cases—only to the extent that Spaziano did not require that the jury find an aggravator.
Not content with its undue expansion of Hurst v. Florida’s holding regarding the *78 requirements of the Sixth Amendment, the majority injects conclusions based on the Eighth Amendment even though Hurst v. Florida does not address the Eighth Amendment. Remarkably, the majority adopts the view of the Eighth Amendment expressed by Justice Breyer in his concurring opinions in Ring and Hurst v. Florida. In doing so, the majority, addresses a question that is not even properly at issue in this remand proceeding—which solely concerns how we are to apply Hurst v. Florida’s Sixth Amendment holding—and delivers a ruling that dramatically departs from binding precedent from the Supreme Court.
In short, the majority fundamentally misapprehends and misuses Hurst v. Florida, thereby unnecessarily disrupting the administration of the death penalty in Florida. I strongly dissent.
Ring’s Application of Apprendi:
An Aggravator Constitutes an Element That Must Be Found by the Jury
In Apprendi, the Court held, based on the Sixth Amendment, that any fact that “expose[s] the defendant to a greater punishment than that authorized by the jury’s guilty verdict” is an “element” that must be found to exist by the jury. 530 U.S. at 494, 120 S.Ct. 2348. Although Apprendi sought to distinguish the sentencing process in death cases, Ring rejected that distinction and applied Apprendi to Arizona’s .death penalty law, which provided no role for the jury in the sentencing process.
Applying the logic of Apprendi, Ring concluded that before a sentence of death can be imposed, the Sixth Amendment entitles capital defendants “to a jury determination of any fact on which the legislature conditions an increase in their maximum punishment.” 536 U.S. at 589, 122 S.Ct. 2428 (emphasis added). The Court recognized that “a death sentence may not legally be imposed ... unless at least one aggravating factor is found to exist beyond a reasonable doubt.” Id. at 597, 122 S.Ct. 2428 (citation omitted). The Ring Court thus framed the question to be decided: “The question presented is whether that aggravating factor may be found by the judge, as Arizona law specifies, or whether the Sixth Amendment’s jury trial guarantee, made applicable to the States by the Fourteenth Amendment, requires that the aggravating factor determination be entrusted to the jury.” Id. (footnote omitted).
The Court concluded that “the aggravating factor determination” must be made by a jury. Id. So the Court reversed the Arizona decision affirming Ring’s sentence and overruled Walton v. Arizona, 497 U.S. 639, 110 S.Ct. 3047, 111 L.Ed.2d 511 (1990)—in which the Court had upheld the constitutionality of the Arizona statute against a Sixth Amendment challenge. Specifically, the Court “overrule[d] Walton to the extent that it allows a sentencing judge, sitting without a jury, to find an aggravating circumstance necessary for imposition of the death penalty.” Ring, 536 U.S. at 609, 122 S.Ct. 2428. Justice Breyer concurred in the judgment and stated his conclusion “that the Eighth Amendment requires that a jury, not a judge, make the decision to sentence a defendant to death.” Id. at 614, 122 S.Ct. 2428 (Breyer, J., concurring).
In sum, Ring held that “[b]ecause Arizona’s enumerated aggravating factors operate as ‘the functional equivalent of an element of a greater offense,’ the Sixth Amendment requires that they be found by a jury.” Id. at 609, 122 S.Ct. 2428 (quoting Apprendi, 530 U.S. at 494 n. 19, 120 S.Ct. 2348). The reasoning of Ring thus is predicated on the understanding that “for purposes of the Sixth Amend- *79 merit’s jury-trial guarantee, the underlying offense of ‘murder’ is a distinct, lesser included offense of ‘murder plus one or more aggravating circumstances’ ” and that murder without an aggravator “exposes a defendant to a maximum penalty of life imprisonment” but murder with an aggravator “increases the maximum permissible sentence to death.” Sattazahn v. Pennsylvania, 537 U.S. 101, 111, 123 S.Ct. 732, 154 L.Ed.2d 588 (2003) (plurality opinion).
Hurst v. Florida’s Application of Ring:
A July’s Advisoiy Recommendation of Death Cannot Be Treated as the Jury’s Finding of an Aggravator
Hurst v. Florida simply applies the reasoning of Ring and Apprendi to Florida’s death penalty statute and concludes that the jury’s advisory role under Florida law does not satisfy the requirements of the Sixth Amendment. Hurst v. Florida goes beyond Ring because Hurst v. Florida addressed a sentencing process in which the jury played an advisory role as distinct from the process at issue in Ring in which the jury had no role. But the reasoning of Hurst v. Florida closely mirrors the reasoning of Ring, and the requirements of the Sixth Amendment articulated in Hurst v. Florida are the same as the requirements articulated in Ring. Hurst v. Florida merely establishes that an advisory determination of a jury cannot satisfy Ring’s requirement that an aggravator be found by the jury. In Hurst v. Florida, unlike numerous Florida direct appeal death cases in which the Court has denied relief under Ring, the existence of an aggravator was not established by a jury finding embodied in either a conviction for a contemporaneous crime or a prior conviction.
The Hurst v. Florida Court recognized the foundational importance of Apprendi’s holding under the Sixth Amendment “that any fact that ‘expose[s] the defendant to a greater punishment than that authorized by the jury’s guilty verdict’ is an ‘element’ that must be submitted to a jury.” Hurst v. Florida, 136 S.Ct. at 621 (quoting Apprendi, 530 U.S. at 494, 120 S.Ct. 2348). The Court observed that in Ring it “had little difficulty concluding that ‘the required finding of an aggravated circumstance exposed Ring to a greater punishment than that authorized by the jury’s guilty verdict.’” Id. (quoting Ring, 536 U.S. at 604, 122 S.Ct. 2428).
Hurst v. Florida went on to hold that “[t]he analysis the Ring Court applied to Arizona’s sentencing scheme applies equally to Florida’s,” id. at 621-22, 122 S.Ct. 2428 and that the State was precluded from “treating] the advisory recommendation by the jury as the necessary factual finding that Ring requires,” id. at 622, 122 S.Ct. 2428. That “necessary factual finding” is, of course, the finding that an ag-gravator exists. In its analysis, the Court took pains to reject the State’s argument—which would have been disposi-tive—that Hurst had admitted the existence of an aggravator. Id. at 622-23, 122 S.Ct. 2428. The Hurst v. Florida opinion concludes with this statement of the Court’s holding regarding the Sixth Amendment: “Florida’s sentencing scheme, which required the judge alone to find the existence of an aggravating circumstance, is therefore unconstitutional.” Id. at 624, 136 S.Ct. 616.
In so holding, the Court accepted the precise Sixth Amendment argument that Hurst had presented to the Court. But in its imposition of jury sentencing, the majority here has adopted an understanding of Hurst v. Florida’s Sixth Amendment holding that not only departs from the Court’s statement of its holding but also indisputably goes far beyond the Sixth Amendment argument, that Hurst presented to the Court.
*80 Hurst made an argument—supported by Justice Breyer’s concurring opinion in Ring—for jury sentencing based on the Eighth Amendment. This Eighth Amendment argument was in Hurst v. Florida once again accepted by Justice Breyer in a concurring- opinion, but it was not accepted by the Hurst v. Florida majority. Hurst did not, however, make any Sixth Amendment argument for jury sentencing. Instead, Hurst argued that “Florida’s capital sentencing scheme violates” the Sixth Amendment as explained in Apprendi and Ring “because it entrusts to the trial court instead of the jury the task of ‘find[ing] an aggravating circumstance necessary for imposition of the death penalty.’” Brief for Petitioner at 18, Hurst v. Florida, 136 S.Ct. 616 (2016) (No. 14-7506), 2015 WL 3523406, at *18 (quoting Ring, 536 U.S. at 609, 122 S.Ct. 2428).[30] In the oral argument before the Court, Hurst’s counsel summed up the Sixth Amendment argument:
“[Ljeaving aside our Eighth Amendment point in our brief that—that followed on Justice Breyer’s concurrence in Ring, the—this is all about the eligibility, not the determination of what sentence applies. ' And you have held that the existence of a specified statutory aggravating factor is a condition. It is an element of capital murder, and it is, by statute and Florida Supreme Court decision, an element of capital murder in Florida.” .
Tr. of Oral Argument at 12, Hurst v. Florida, 136 S.Ct. 616 (2016) (No. 14-7505), 2015 WL 5970064, at *12.
Hurst v. Florida’s Limited Overruling of Precedent:
Spaziano’s Vindication of Judicial Sentencing is Undisturbed Except to the Extent That it Did Not Require the Jury to Find an Aggravator
In its articulation of the overruling of Spaziano and Hildwin—the two cases this Court relied on when rejecting Ring claims—the Hurst v. Florida Court once again makes clear the limited scope of its holding. Like Ring’s overruling of Walton, Hurst v. Florida’s overruling of Spaziano and Hildwin is precisely focused on the absence of a jury finding of an aggra-vator: “The decisions are overruled to the extent they allow a sentencing judge to find an aggravating circumstance, independent of a jury’s factfinding, that is necessary for imposition of the death penalty.” Hurst v. Florida, 136 S.Ct. at 624.
Therefore, except “to the extent” that Spaziano and Hildwin “allow a sentencing judge to find an aggravating circumstance,” they are left undisturbed by Hurst v. Florida. Of particular relevance here is the portion of Spaziano that is not affected by Hurst v. Florida. In Spaziano, the Court was urged to find Florida’s death penalty law unconstitutional under both the Sixth and Eighth Amendments. The Court unequivocally rejected the “fundamental premise” of Spaziano’s argument: ' “that the capital sentencing decision is one that, in all cases, should be made by a jury.” Spaziano, 468 U.S. at 458, 104 S.Ct. 3154.
Rejecting Spaziano’s Sixth Amendment argument, the Court stated: “[Djespite *81 its unique aspects, a capital sentencing proceeding involves the same fundamental issue involved in any other sentencing proceeding—a determination of the appropriate punishment to be imposed on an individual. The Sixth Amendment never has been thought to guarantee a right to a jury determination of that issue.” Id, at 459, 104 S.Ct. 3154 (citations omitted). Regarding the Eighth Amendment, the Court held that “there certainly is nothing in the safeguards necessitated by the Court’s recognition of the qualitative difference of the death penalty that requires that the sentence be imposed by a jury.” Id. at 460, 104 S.Ct. 3154. The Court further explained “that the purpose of the death penalty is not frustrated by, or inconsistent with, a scheme in which the imposition of the penalty in individual cases is determined by a judge.” Id, at 462-63, 104 S.Ct. 3154. The Court summed up its rejection of the “fundamental premise” regarding jury sentencing argued by Spaziano:
In light of the facts that the Sixth Amendment does not require jury sentencing, that the demands of fairness and reliability in capital cases do not require it, and that neither' the nature of, nor the purpose behind, the death penalty requires jury sentencing, we cannot conclude that placing responsibility on the trial judge to impose the sentence in a capital case is unconstitutional.
Id. at 464, 104 S.Ct. 3154.
The majority decision here collides with these undisturbed and binding holdings of Spaziano regarding both the Eighth Amendment and the Sixth Amendment. There is no plausible explanation of why the Court would overrule Spaziano only to the extent that Spaziano did not require the jury to find an aggravator if the Court intended to hold that jury sentencing is required in death cases. Indeed, neither the majority opinion nor the concurrence even attempts to offer such an explanation. The point is met-with total silence.
The Majority’s Basic Error:
Confusing “Facts” with Other Determinations in the Sentencing Process
The majority’s misinterpretation of Hurst v. Florida is rooted in its misunderstanding of the Court’s Sixth Amendment jurisprudence concerning “facts” that must be found by a jury. The majority confuses the “facts” that must be proved by the government to a jury in order for a defendant to pass the threshold of eligibility for a death sentence with the other determinations that may lead to the imposition of a death sentence. This confusion apparently causes the majority to overlook the limited nature of the overruling of Spaziano as well as Hurst v. Florida’s focus—in which it follows Ring—on the absence of an ag-gravator found by a jury.
Apprendi, Ring, and Hurst v. Florida are all based on the principle that the Sixth Amendment requires that a jury— rather than a judge-^-determine whether the government has .proved every element of an offense. The Court therefore has explained that “the essential Sixth Amendment inquiry is whether a fact is an element of the crime” and that “[w]hen a finding of fact alters the legally prescribed punishment so as to aggravate it, the fact necessarily forms .a constituent part of a new offense and must be submitted to the jury.” Alleyne v. United States, — U.S. -, 133 S.Ct. 2151, 2162, 186 L.Ed.2d 314 (2013). “Elements” are “facts” that the State must prove to the jury. Ring made clear and Hurst v. Florida reaffirmed that in death cases,- the necessary elements include the existence of an aggravating circumstance. But the other determinations made in a death penalty proceeding— *82 whether the aggravation is sufficient to justify a death sentence; whether mitigating circumstances (which are established by the defendant) outweigh the aggravation; whether a death sentence is the appropriate penalty—are not elements to be proven by the State. Rather, they are determinations that require subjective judgment. And nothing in Ring or Hurst v. Florida suggests—much less holds— that such determinations are elements and therefore “facts” that must be found by a jury.
This understanding of the distinction between the facts that the government must prove to the jury and the other determinations required to be made in the process for imposing a death sentence is reinforced by comments made in the Supreme Court’s opinion in Kansas v. Carr, — U.S. -, 136 S.Ct. 633, 193 L.Ed.2d 535 (2016), which was released after Hurst v. Florida. In Carr, the Court referred to the determination of the existence of an aggravating circumstance as the “eligibility phase” in which it is decided whether a defendant is eligible for a death sentence. 136 S.Ct. at 642. After a defendant is determined to be “eligible]”, the “selection phase” occurs in which the existence of mitigating circumstances is determined, and a judgment is made whether mitigating circumstances outweigh the aggravation to determine whether a death-eligible defendant should be selected to receive a death sentence. Id. The Court explained that although the determination of whether an aggravating circumstance does or does not exist “is a purely factual determination,” a determination of whether mitigation exists “is largely a judgment call,” and “what one juror might consider mitigating another might not.” Id. Whether the mitigating circumstances outweigh aggravating circumstances, the Court said, “is mostly a question of mercy.” Id.; see also Tuilaepa v. California, 512 U.S. 967, 973, 114 S.Ct. 2630, 129 L.Ed.2d 750 (1994) (stating that “[eligibility factors almost of necessity require an answer to a question with a factual nexus to the crime or the defendant so as to ‘make rationally reviewable the process for imposing a sentence of death,’ ” while “[t]he selection decision ... requires individualized sentencing and must be expansive enough to accommodate relevant mitigating evidence so as to assure an assessment of the defendant’s culpability” (quoting Arave v. Creech, 507 U.S. 463, 471, 113 S.Ct. 1534, 123 L.Ed.2d 188 (1993))).
Thus, the only factual findings necessary to impose a sentence of death are findings regarding the elements of first-degree murder plus the existence of an aggravating circumstance, which is the functional equivalent of an element. Neither the Sixth Amendment nor Hurst v. Florida requires a jury to determine the sufficiency of the aggravation, the weight of the aggravation relative to any mitigating circumstances, or whether a death sentence should be imposed.
The Absence Here of an Aggravator Found by the Jury Is Harmless Beyond a Reasonable Doubt
Although Hurst’s jury did not find an aggravator and no conviction reflected a jury finding of an aggravator, I would conclude that this error was harmless beyond a reasonable doubt. As Justice Alito explained in his dissent in Hurst v. Florida:
The jury was told to consider two aggravating factors: that the murder was committed during the course of a robbery and that it was especially heinous, atrocious, or cruel. The evidence in support of both factors was overwhelming.
The evidence with regard to the first aggravating factor—that the murder oc- *83 eurred during the commission of a robbery—was as follows. The victim, Cynthia Harrison, an assistant manager of a Popeye’s restaurant, arrived at work between 7 a.m. and 8:30 a.m. on the date of her death. When other employees entered the store at about 10:30 a.m., they found that she had been stabbed to death and that the restaurant’s safe was open and the previous day’s receipts were missing. At trial, the issue was whether Hurst committed the murder. There was no suggestion that the murder did not occur during the robbery. Any alternative scenario—for example, that Cynthia Harrison was first murdered by one person for some reason other than robbery and that a second person came upon the scene shortly after the murder and somehow gained access to and emptied the Popeye’s safe— is fanciful.
The evidence concerning the second aggravating factor—that the murder was especially “heinous, atrocious, or cruel”—was also overwhelming. Cynthia Harrison was bound, gagged, and stabbed more than 60 times. Her injuries included facial cuts that went all the way down to the underlying bone, cuts through the eyelid region and the top of her lip, and a large cut to her neck which almost severed her trachea. It was estimated that death could have taken as long as 15 minutes to occur. The trial court characterized the manner of her death as follows:
The utter terror and pain that Ms. Harrison likely experienced during the incident is unfathomable. Words are inadequate to describe this death, but the photographs introduced as evidence depict a person bound, rendered helpless, and brutally, savagely, and unmercifully slashed and disfigured. The murder of Ms. Harrison was conscienceless, pitiless, and unnecessarily torturous.
In light of this evidence, it defies belief to suggest that the jury would not have found the existence of either aggravating factor if its finding was binding.
Hurst v. Florida, 136 S.Ct. at 626 (Alito, J., dissenting) (citations omitted).
On the basis of the record here I would conclude that any rational juror would have found that both of the two aggravating circumstances on which the trial court relied in imposing the death sentence were proven beyond a reasonable doubt. Although the jury may not have reached unanimous determinations regarding the sufficiency of the aggravating circumstances, whether they were outweighed by the mitigating circumstances, and whether a death sentence should be imposed, such determinations—as I have explained—are not required by Hurst v. Florida or the Sixth Amendment. Hurst’s death sentence should be affirmed.
POLSTON, J., concurs.

. The view expressed in this dissent concerning the scope of Hurst v. Florida follows the same line of analysis recently adopted by the Supreme Court of Alabama in rejecting a challenge to Alabama’s death penalty law. See Ex parte Bohannon, No. 1150640, — So.3d -, -, 2016 WL 5817692, at,*5 (Ala. Sept. 30, 2016) {“Ring and Hurst[ v. Florida] require only that the jury find the existence of the aggravating factor that makes a defendant eligible for the death penalty—the plain language in those cases requires nothing more and nothing less.”).

. This point followed the reasoning of Justice Pariente’s dissent from this Court’s decision regarding Hurst’s sentence: “I dissent from the majority’s affirmance of Hurst’s death sentence because there is no unanimous finding by the jury that any of the applicable aggravators apply.” Hurst v. State, 147 So.3d 435, 452 (Fla.2014) (Pariente, J., concurring in part and dissenting in part), cert. granted in part, — U.S. -, 135 S.Ct. 1531, 191 L.Ed.2d 558 (2015), and rev’d, — U.S. -, 136 S.Ct. 616, 193 L.Ed.2d 504 (2016).